**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0043n.06

No. 20-1474

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 22, 2021
DEBORAH S. HUNT, Clerk

In re: RYAN STEVEN OWENS,      )

                                   )         OPINION

     Petitioner.                  )

---

**Before: SILER, STRANCH, and DONALD, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Ryan Steven Owens petitions for a writ of mandamus directing the district court to grant his ex parte motion to file a proffer letter under seal in his criminal case. He also moves to proceed in forma pauperis. Both the district court and the government respond.

"Mandamus relief is an extraordinary remedy, only infrequently utilized by this court." *In re Perrigo Co.,* 128 F.3d 430, 435 (6th Cir. 1997). It is "generally reserved for 'questions of unusual importance necessary to the economical and efficient administration of justice' or 'important issues of first impression.'" *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008) (quoting *EEOC v. K-Mart Corp.*, 694 F.2d 1055, 1061 (6th Cir. 1982)). When evaluating a petition for mandamus relief, we look to whether:

> (1) the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems, or issues of law of first impression.

*Id.*

In civil cases, a party may rely on the collateral-order doctrine rather than mandamus to appeal an interlocutory order unsealing court records. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016). This use recognizes the damage that may ensue without immediate review because "[s]ecrecy is a one-way street: [o]nce information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008); *accord Rudd Equip. Co.*, 834 F.3d at 592. But the collateral-order doctrine "has a narrow scope in criminal cases," and we have historically applied it in a small number of situations, none of which involve sealing the record. *United States v. Martirossian*, 917 F.3d 883, 887 (6th Cir. 2019).

We have not yet specifically determined whether an order denying a motion to seal judicial documents in a *criminal* case is appealable as a collateral order, though in a recent and instructive decision, the Fourth Circuit held that it is. *See United States v. Doe*, 962 F.3d 139, 144–45 (4th Cir. 2020). Previously, the Fourth Circuit had "referred to mandamus as the 'preferred vehicle' for seeking review of sealing-related orders." *Id.* at 144 (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 485 n.5 (4th Cir. 2003)). But the court later clarified its approach, noting that "our preference for mandamus in sealing cases is usually limited to appeals filed by third parties, such as members of the press." *Id.* Considering the situation of a criminal defendant who appealed a district court's order denying his motion to seal, the Fourth Circuit held that because the defendant was himself a party to the proceeding (as opposed to a third party), it was "unnecessary to require him to satisfy the difficult standards of mandamus review." *Id.* at 144–45. Instead, the court exercised jurisdiction under 28 U.S.C. § 1291 because the defendant had appealed from a final, postjudgment order. *Id.*

We need not resolve the question of whether to adopt *Doe*'s persuasive reasoning and add this type of order to the categories *Martirossian* discussed, though, because Owens chose to file a

petition for mandamus relief rather than a pre- or postjudgment appeal of a collateral order.[1] So, we treat Owens's request for relief as what it is—a mandamus petition—and analyze it accordingly. Thus, even if Owens may have established that he lacks adequate alternative remedies,[2] we must examine whether he has shown a clear right to mandamus relief or that issuance of a writ is appropriate on this record and in this procedural posture. *See John B.*, 531 F.3d at 457 (quoting *In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 303 n.5 (6th Cir. 1984)) (discussing the need to ensure that any error is "of such gravity that mandamus is proper").

We review a decision to unseal the record for an abuse of discretion. *Rudd Equip. Co.*, 834 F.3d at 593. "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). And there is a "stark difference" between protective orders entered to facilitate the discovery process and orders sealing court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). In the former, the material is not part of the judicial record and might not be relevant to the case. *Id.* Protection from public view is therefore often warranted. In the latter, a party has placed material in the record that the public has an interest in obtaining so it may ascertain what information supported the court's reasoning. *Id.*

Generally, a proffer letter is more akin to the former category. *See United States v. Lopez*, 219 F.3d 343, 345 n.1 (4th Cir. 2000) (explaining that proffer agreements protect defendants against use of their statements when they have revealed information that does not lead to a plea or cooperation agreement). By the letter's express terms here, the Government agreed it would not use Owens's proffer as an aggravating factor at sentencing unless he testified contrary to it or presented a position inconsistent with it. Owens's proffer letter was openly discussed in the district

---

[1] We note that in another criminal case, we acknowledged jurisdiction under § 1291 in an appeal of a denial of a motion to unseal, albeit concerning nonparties. *In re Siler*, 571 F.3d 604, 608–09 (6th Cir. 2009).

[2] However, like the defendant in *Doe*, Owens may have another avenue for relief by using a different procedural vehicle, potentially militating against mandamus relief now.

court during two hearings, its existence was first revealed by Owens's counsel, and the district court mentioned it in the order accepting Owens's plea and denying his ex parte motion to file it under seal. The briefs before this court, all publicly filed, discuss the letter's existence at length.

In *Doe*, the material the defendant sought to seal also had been public for months by the time he moved to seal it. 962 F.3d at 139, 151. The Government argued that "the fact of Defendant's cooperation 'ha[d] therefore lost its secret character.'" *Id.* at 151. The Fourth Circuit disagreed. Noting that there was no evidence in the record that members of the media or anyone else ever publicly sought access to the material at issue, it found of little import the fact that it had been mentioned previously. *Id.* That appears to be the case here as well. Unlike in *Doe*, however, Owens himself (via counsel) first placed the material in the public record that he now seeks to seal. *See id.* at 142 (describing the Government's initial discussion of the defendant's cooperation at sentencing). Analogously, in *Rudd Equip. Co.*, we held that allegations of reputational harm, if the information were to be disclosed, typically do not alone outweigh the presumption in favor of public access, especially when the party alleging harm is the one that put the information in the record in the first place. 834 F.3d at 592.

It is true that reasons abound to keep proffer agreements confidential, including the Government's interest in protecting the secrecy of its ongoing investigations and a defendant's interest in protecting himself from retaliation if others learn of his actions. *See United States v. Doe*, 870 F.3d 991, 999–1000 (9th Cir. 2017). At the same time, though, Owens has not offered any particularized evidence that the mention of his proffer in publicly accessible documents would result in danger to him, specifically. We again find *Doe* instructive—in particular, its lengthy discussion of the well-documented dangers that defendants who have agreed to cooperate with the Government may face. 962 F.3d at 147–51. Following the Ninth Circuit, the Fourth Circuit considered this general danger to counsel against a strict requirement to show an individualized likelihood of harm. *Id.* at 149–50 (citing *Doe*, 870 F.3d at 999). We likewise recognize that the

generalized danger to which Owens refers is real and sufficiently significant. Notwithstanding these genuine concerns, however, proffer agreements may be publicly disclosed if relevant or necessary to the proceedings. *See, e.g.*, *United States v. Shannon*, 803 F.3d 778, 783−86 (6th Cir. 2015) (upholding the government's introduction of the defendant's proffer agreement at trial); *United States v. Jackson*, 635 F.3d 205, 207−08 (6th Cir. 2011) (holding that the district court did not impermissibly use the defendant's proffer agreement at sentencing).

To the extent that the mandamus relief Owens seeks could not fully ameliorate the prejudice to him, any prejudice to Owens has largely already occurred. *See John B.*, 531 F.3d at 458 (discussing potential future harm). Though we acknowledge the genuine dangers Owens may face from the fact of his proffer being publicly accessible and the dearth of evidence in the record suggesting any nonparties have accessed it, *see Doe*, 962 F.3d at 149–51, there are other salient differences between the circumstances of this case and *Doe*. Owens has not proceeded by pseudonym, and as discussed above, references to his proffer are abundantly sown in the public record. Even if Owens were clearly entitled to mandamus relief, far more sealing might be required to muffle the bell's ring and achieve his desired outcome. *See generally Maness v. Meyers*, 419 U.S. 449, 460 (1975) ("[A]ppellate courts cannot always 'unring the bell' once the information has been released."). Regarding adequacy of means to obtain relief, whether Owens could have appealed directly from the district court's order denying his motion to seal—arguably an "issue[] of law of first impression" in this circuit—that issue is not before us here. *John B.*, 531 F.3d at 457. And whether a proffer letter can be disclosed at all is not an issue of first impression. *See, e.g.*, *Shannon*, 803 F.3d at 783−86; *Jackson*, 635 F.3d at 207−08. Nor has Owens shown that the district court's refusal to seal was "an oft-repeated error" or "manifests a persistent disregard of the federal rules." *John B.*, 531 F.3d at 457. Ultimately, Owens has not made the showing necessary for a writ of mandamus to issue, given the specific facts and procedural posture of this case. *See id.*

Therefore, for the reasons discussed above, Owens's petition for a writ of mandamus is **DENIED** and his motion to proceed *in forma pauperis* is **DENIED AS MOOT**.